## SCHIEK, GUARDIANSHIP OF, In Re

Ohio Appeals, 2nd Dist, Miami Co

No 365.   Decided Dec 20, 1937

Russell J. Haynes, Dayton, and Michael E. Norris, Troy, for appellant.

W. L. Martindale, West Milton, and Goodrich & Goodrich, Troy, for J. A. Shiek, guardian.

## OPINION

By GEIGER, J.

This matter is before the court for a review of an order of the Court of Common Pleas dismissing an appeal of the Appellant herein from an order of the Probate Court of Miami County. The notice of appeal was on questions of law and fact.

No bond appears to have been filed nor any bill of exceptions. The order of the Court of Common Pleas appealed from is:

"This cause coming on to be heard by the court, having been heretofore assigned for hearing on this date, and Russell J. Haynes, guardian of Opal Schiek, appellant, not being present either in person or by counsel, upon motion for counsel for ward that this appeal be dismissed for want of prosecution, the court finds that the motion is well taken and that the appellant, Russell Haynes, is not present in court, either in person or by counsel, and that due notice has been given to the appellant, both personally and through his counsel, and that this appeal should be dismissed for want of prosecution, and the appeal will be ordered dismissed at appellant's costs and this case remanded to the Probate Court, where it originated, for appropriate action, to which ruling and order appellant excepts."

This is the only action that appears to have been taken in Common Pleas Court.

It appears from the transcript of docket and journal entries from the Probate Court to the Court of Common Pleas that Russell J. Haynes was appointed by the Probate Court of Miami County as guardian for Opal Shiek, a minor, on September 28, 1935, the ward having sustained injuries by reason of an automobile accident. Said Haynes, as guardian, made application to the Probate Court, representing that the minor had been injured in an automobile accident and that the person responsible for her injury had offered to pay the minor the sum of $2500.00 and the guardian applied for an order of the court authorizing him to accept said sum. This authority was given by the Probate Court. Thereupon, Haynes, as guardian, reported that under the authority given him he made settlement of the claim of the ward for $2500.00 and that prior to his appointment as guardian he had a contract with the ward and her father, Deward Shiek, for payment to him upon a contingent basis

of 35% of any sum he might be able to recover. The guardian represented that by reason of his recovery of said sum of $2500.00 he is entitled under the law to the sum of $625.00 as his compensation and he sets out further expenses of the ward and prays for an order allowing him to make payment of the amount set forth. On this application the Probate Court directed him to make the expenditures set out in his application, including a fee to himself of $625.00. Thereupon Jacob A. Shiek represented to the court that he was the legal guardian of Opal Shiek, having been appointed and qualified on the 2nd of March, 1925, and that he was and still is guardian and that the appointment of said Russell J. Haynes was improperly made. Shiek moved that the court require Haynes to account to him as the legal guardian for all money coming into his hands by virtue of said appointment and that he be required to make his report to the court and that said irregular appointment be declared null and void.

Upon consideration of the application the court found that the appointment of said Russell J. Haynes as guardian of Opal Shiek was erroneously made and was null and void and the same was set aside and the said Haynes was ordered to file an account.

Haynes made application for further allowance for his services in the sum of $250.00, which application by agreement was later dismissed. Thereupon the court ordered Haynes to file his account, which he did, showing collection of the $250.00 as the sole estate of his ward and expenditures as ordered by the court in the sum of $1415, leaving a balance of $1084.60. He took credit for the $625.00 allowed as attorney fees for settlement of the damage claim and for $250.00 as attorney and guardian fees.

Exceptions were taken by Jacob A. Shiek, to the first and final account of Russell J. Haynes as guardian for the following reasons:

"1. Generally, because he claims said account to be a first and final account, and he still has funds in his hands for distribution.

"2. He has charged a fee of $250.00 for service of guardian and attorney, and he is not now and never has been a legally appointed guardian of said ward.

"3. He has loaned moneys of said ward on personal note without approval of this court.

"4. He has not turned over to the legal guardian the balance of the funds of such guardianship.

"5. He has not accounted for interest on the money in his hands as guardian."

Upon consideration of the exceptions the court found:

"1. Under exceptions Nos. 1 and 4, said account is not a first and final account, but a first account.

"2. That exceptions Nos. 2, 3 and 5 are hereby sustained,"

to which findings Haynes excepted and gave notice of his appeal on questions of law and fact from the judgment of the Probate Court in sustaining such exceptions to the Court of Common Pleas of Miami County, Ohio.

No appeal bond was filed and no bill of exceptions. Counsel for appellant in his brief recites a number of facts not appearing in the record, which of course may not be considered by this court, as we have no bill of exceptions and there was no evidence offered.

Counsel for Jacob A. Shiek, the guardian, make statement in their brief contradicting the statements of Haynes, but there is nothing upon which we can base a judgment as to facts.

The sole matter before us is whether or not the Court of Common Pleas erred in dismissing the appeal of Haynes for want of prosecution. This is largely a discretionary matter with the court and we have no way to determine whether or not the Court of Common Pleas abused its discretion.

Appeal dismissed and cause remanded.

BARNES, PJ, and HORNBECK, J, concur.

## ON APPLICATION FOR REHEARING

Decided Jan 20, 1938

By THE COURT

This cause is now before the court upon the application of the appellant for a rehearing on the matters heretofore submitted.

Appellant cites four grounds upon which he bases the application.

As stated in our opinion,

"The sole matter before us, is whether or not the Court of Common Pleas erred in dismissing the appeal of Haynes for want of prosecution. This is largely a discretion-

ary matter with the court and we have no way to determine whether or not the Court of Common Pleas abused this discretion."

This statement clearly points to the one matter considered by this court in its determination whether or not the court below erred in dismissing the appeal for want of prosecution.

We do not think that any of the grounds for rehearing have any reference to the matter so determined.

As to the first ground, there being no bill of exceptions, we cannot tell whether it is contrary to the facts and it certainly is not contrary to law.

As to the second ground, the question as to whether or not a bond is required is controlled by §10501-59 GC. The omission of such bond is not authorized by the mere fact that the party appealing is acting in a fiduciary capacity. The appeal must be "in the interest of his trust" and such a showing under that statute, must first be made to the court before the appeal can be allowed without bond. In the instant case the appeal was against the interests of the trust. See **Brown, Assignee v Wallace, 66 Oh St 57.**

The third ground is that the court was misinformed as to the withdrawal of such application for fees.

The transcript shows that on July 3, 1936, Russell J. Haynes filed an application for the allowance of $250.00 stating in such application, "said guardian relates that compensation in the sum of $250.00 would be just and reasonable for his services rendered, said sum including statutorial allowances to him as such guardian."

On September 9, 1936, the docket discloses the following entry:

"This day came Russell J. Haynes and also came attorney for guardian, and by agreement the former application herein for fees same was to be dismissed. It is ordered that the said application be and the same is hereby dismissed."

The item of $250.00 fees of attorney and guardian appears in what is designated as the first and final account to which exceptions were filed and sustained by the court on October 9, 1936.

The fourth ground asserted seems to us to have no merit. Application for rehearing denied.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.